OPINION OF THE COURT
Richard C. Kloch, Sr., J.
*479 Plaintiff was injured while moving gas pipeline involved in a road widening project. The pipes were strapped to a side boom machine and were lifted six to seven feet off the ground. A laborer was on each end of the pipe to stabilize it. The pipe was being lowered onto a wood crib which held the pipe three feet off the ground. The pipe plaintiff was working on was approximately 5,000 pounds. It was lowered onto the wood crib and the laborers shook the pipe to make sure it was firmly in place. While plaintiff was doing this, the wood crib or skid “blew apart” and the pipe began to swing toward plaintiff. Although the strap never broke, the swinging pipe struck the plaintiff. It appears without question that the pipe was in the process of being hoisted or secured when the incident occurred. Plaintiff seeks partial summary judgment under Labor Law § 240 (1).
The question is whether this is a “falling object” under the intent of Labor Law § 240 (1). More fundamentally, was the swinging or “teeter-tottering” motion of the pipe as it struck plaintiff attributed to the force of gravity. Defendant opposes the motion by asserting a de minimis elevation differential. At its apex, the pipe was six to seven feet in the air. When the pipe was set on the wood crib, it was approximately three feet off the ground. The court takes into consideration the 5,000-pound weight of the pipe and determines the height elevation was not insignificant to preclude the statute’s application.
The Court of Appeals in Runner v New York Stock Exch., Inc. (13 NY3d 599 [2009]) provides guidance. That case dealt with a reel of wire being moved down a set of stairs. Therein, the Court posed the question apparent in this case, “If an injury stems from neither a falling worker nor a falling object that strikes a plaintiff, does liability exist under section 240 (1) of New York’s Labor Law?” (Id. at 602-603.)
In answer, the Court of Appeals set the dispositive inquiry as: “[W]hether plaintiffs injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential.” (Id. at 603.)
After considering its own prior ruling in Ross v Curtis-Palmer Hydro-Elec. Co. (81 NY2d 494 [1993]), the Court in Runner further stated:
“Manifestly, the applicability of the statute in a falling object case such as the one before us does not under this essential formulation depend upon whether the object has hit the worker. The relevant inquiry — one which may be answered in the affirma *480 five even in situations where the object does not fall on the worker — is rather whether the harm flows directly from the application of the force of gravity to the object.” (13 NY3d at 604 [emphasis added].)
Runner further supports the finding here that the elevation differential was not de minimis. Runner involved an 800-pound reel of wire. This case involves a 5,000-pound pipe. As stated in Runner-. “The elevation differential here involved cannot be viewed as de minimis, particularly given the weight of the object and the amount of force it was capable of generating, even over the course of a relatively short descent.” (Id. at 605.)
Accordingly, the court finds plaintiff is entitled to summary judgment relief finding Labor Law § 240 (1) liability. Gravity is what caused the pipe to generate the force which led to plaintiff being struck.
This court follows the mandate of the Court of Appeals in Runner, but is concerned whether the apparent expansion of section 240 (1) liability in “swinging object” cases is what the Legislature intended when it enacted a “falling object” statute.
Motion granted.